UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ADRIAN G. RANGEL,            )
                             )
            Plaintiff,       )     Case No. 1:14-cv-61
                             )
v.                           )     Honorable Robert Holmes Bell
                             )
SCOTT RIOS, et al.,          )
                             )     **REPORT AND RECOMMENDATION**
            Defendants.      )
_____)

This purports to be a civil rights action brought by a *pro se* plaintiff under 42 U.S.C. § 1983. Plaintiff sues a Michigan State Police trooper, the Michigan Department of State Police, Newaygo County, Gerber Memorial Hospital, the Wesleyan Church, and a number of private individuals, including his former wife, for alleged violation of his civil rights. Plaintiff's claims appear to arise from domestic relations proceedings in the state courts. Plaintiff charges defendants with fraud, dereliction of duty, invasion of privacy, and invasion of unidentified constitutional rights. The complaint seeks an award of compensatory and punitive damages.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*,

490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**Discussion**

Plaintiff identifies his complaint as arising under 42 U.S.C. § 1983. Section 1983 creates a civil action for deprivation of federal rights under color of state law. To establish a claim under 42 U.S.C. § 1983, a plaintiff must plead and prove two elements: (1) that there was a deprivation of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The allegations in plaintiff's complaint, accepted as factually

true for present purposes, fail to establish one or both of these necessary elements as to every named defendant.

### A. Private Individuals and Entities

To state a viable claim for relief in a section 1983 action, a plaintiff must allege that he was deprived of a federal right by a person acting "under color of state law." Plaintiff may not proceed under section 1983 against a private party, "'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Procter*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs.*, 526 U.S. at 50). Rather, a plaintiff has the burden of pleading and proving that a defendant should be deemed a "state actor." *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007). "As a matter of substantive constitutional law, the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). A private actor acts under color of state law only when his conduct is "fairly attributable to the state." *Lugar*, 457 U.S. at 937.

Plaintiff's 1983 claims are brought against a number of private individuals and entities. The complaint contains no allegations sufficient to establish that any of these persons acted under color of state law. Specifically, plaintiff's complaint fails to state a section 1983 claim against the following:

(1) Janell Schmidt Rangel is apparently plaintiff's former wife. Plaintiff alleges that she committed "fraud, slander, defamation and libel" in falsely accusing plaintiff of stalking and child abuse. A person cannot be said to act under color of

state law merely by resorting to the courts. *See Kelm v. Hyatt*, 44 F.3d 415, 421-22 (6th Cir. 1995). Furthermore, a witness in a civil or criminal proceeding does not act under color of state law, even if the witness gives perjured testimony. *See Briscoe v. Lahue*, 460 U.S. 325 (1983). Plaintiff's allegations of fraud and defamation do not involve federally protected rights but arise under state law.

(2) Defendants Thomas Schmidt and Denise Schmidt, apparently husband and wife, are alleged to have conspired with plaintiff's former wife to deny plaintiff his parental rights. Plaintiff alleges that the Schmidts aided and abetted his former wife by providing her "transportation, cellular telephone, landline telephone" and other assistance in seeking a personal protection order against plaintiff. Plaintiff fails to allege the Schmidts acted under color of state law.

(3) The Northern Michigan District of the Wesleyan Church Corporation and the Fremont Wesleyan Church are alleged to be liable as the Schmidts' employer, under both a *respondeat superior* theory and by negligently hiring and training the Schmidts. Plaintiff alleges no reason for the court to conclude that these church entities act under color of state law. Furthermore, a corporate defendant cannot be held liable under section 1983 on a *respondeat superior* theory of the wrongdoing of its employees. *See Savoie v. Martin*, 673 F.2d 488, 494 (6th Cir. 2012).

(4) Dr. Christopher Niquette and Gerber Memorial Hospital are sued for negligence for their alleged failure to notify proper authorities concerning injuries allegedly received by plaintiff's minor child. (¶ 19). Neither this private hospital nor the doctor are alleged to have acted under color of state law. Furthermore,

section 1983 liability may not be premised on negligence. *See Smoak v. Hall*, 460 F.3d 768, 785 (6th Cir. 2006).

(5) Defendant Mark Schropp is identified as a guardian *ad litem* in Newaygo County proceedings. Presumably, he acted on behalf of one or more of plaintiff's minor children. Plaintiff alleges that Schropp violated his constitutional right to parenting in demanding that plaintiff undergo a psychological exam and that during guardianship proceedings Schropp fought against plaintiff's right to parenting time. He also alleges that Schropp abused his office and was negligent in ignoring Lucy Rangel's guardianship case. Attorneys appointed to act as guardian *ad litem* to represent the interest of a minor child are not state officers and do not act under color of state law. *See Kirtley v. Rainey*, 326 F.3d 1088, 1093-96 (9th Cir. 2003); *accord McClear v. Donaldson*, No. 86-1014, 1987 WL 36589 (6th Cir. Jan. 28, 1987). Plaintiff's claims against Schropp therefore fail to state a cause of action under section 1983, as Schropp was not acting under color of state law.

With regard to all the foregoing defendants, plaintiff has failed to allege facts supporting a plausible inference that any of the defendants acted under color of state law or that their conduct, whatever it was, abridged a federal right.

### B. State and Federal Entities and Employees

The remainder of the defendants are alleged to be governmental entities or employees. Accepting this allegation as true, the complaint establishes they acted under color of state law. Plaintiff's claims nevertheless suffer from fundamental deficiencies:

(1) Plaintiff sues the Michigan State Police for abridging his rights, as well as for conspiring with the Lafayette, Indiana Police Department. Twenty-five years ago, the Supreme Court held that the Michigan Department of State Police is not a person within the meaning of section 1983 and, additionally, that Eleventh Amendment immunity would bar a federal court action against that entity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).

(2) Newaygo County, Michigan is alleged to be liable under a *respondeat superior* theory for the negligence and abuse of office of the County Prosecutor. In the landmark case of *Monell v. Department of Social Services*, 436 U.S. 658, 694-95 (1978), the Supreme Court held that a municipality cannot be held liable under section 1983 for an injury inflicted solely by its employees or agents. *See Perez v. Oakland County*, 466 F.3d 416, 430 (6th Cir. 2006). A municipality can only be found liable under section 1983 where a policy of the municipality itself causes the constitutional violation at issue. *Monell*, 436 U.S. at 694. Municipal liability may not be imposed on a *respondeat superior* theory. *Id.* The complaint clearly attempts to impose vicarious liability on Newaygo County. Furthermore, the complaint fails to allege the existence of any municipal policy that was the proximate cause of plaintiff's injury.

(3) Detective Sergeant Scott Rios, an employee of the Michigan State Police, is alleged to have committed a number of acts that violated plaintiff's rights. None of these acts, however, constitutes an abridgement of plaintiff's *federally guaranteed* rights. Apparently, plaintiff was the subject of a personal protection

order application filed by his former wife, in which she charged him with stalking and child abuse. (Plaintiff concedes that the personal protective order was never served on him and that the order was later dissolved.) (Compl. ¶ 2). Plaintiff then filed a complaint with the Michigan State Police in which he charged his former wife with perjury. He also complained that the Newaygo County Child Protective Services had "suborned the perjured PPO application" filed by his former wife. Plaintiff alleges that Detective Sergeant Rios "deliberately buried the record by misspelling the names of both the offender and the offendee," and that he misconstrued the facts of the complaint in a slanderous and defamatory report made to the county prosecutor. (¶¶ 1, 4). On the basis of this misinformation provided by Rios, the county prosecutor declined to prosecute plaintiff's former wife or the Child Protective Services workers for perjury. (*Id.*). These allegations, accepted as true, fail to state any claim against Rios for deprivation of a federally guaranteed right. In the landmark case of *Deshaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189 (1989), the Supreme Court held that the Due Process Clause does not require a state to protect citizens from invasion of their personal security by private actors. Furthermore, the federal Constitution does not impose upon the state officers an affirmative obligation to render aid. 489 U.S. at 195-96. The Due Process Clause is designed "to protect the people from the State, not to ensure that the State protect[s] them from each other." *Id.* at 196. Plaintiff's section 1983 claim against Detective Sergeant Rios is based on the erroneous supposition that the officer owed plaintiff a federal duty to investigate plaintiff's allegations concerning his wife and

social workers, to provide truthful reports to the prosecutor, and to make sure that perjury prosecutions were brought. None of these allegations is even arguable. No one has a federal right to insist that the State prosecute another. This prerogative belongs to the State. As a private citizen, plaintiff lacks a "judicially cognizable interest" in the prosecution or non-prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 & n.6 (1973).

(4) Although not named in the caption of the complaint, Magistrate Crystal Sanders, who acts in Tippecanoe County, Indiana Superior Court, is mentioned in paragraph 21 of the complaint as a defendant "for her attempt at maliciously prosecuting Rangel concurrently with this case" and in conspiring to deny him constitutional rights in connection with proceedings in the State of Indiana. Plaintiff's complaint is insufficient as to Sanders, on two independent grounds. First, this court has no jurisdiction over Sanders, who is allegedly a magistrate acting in Indiana. More fundamentally, state-court magistrates are clearly judicial officers entitled to the protection of judicial immunity. *See Holmes v. Barthwell*, No. 12-15508, 2013 WL 950960, at * 3 (E.D. Mich. Feb. 20, 2013) (collecting cases). Plaintiff's allegations concern the magistrate's judicial acts in connection with a case pending against plaintiff in Indiana and therefore fall within the scope of absolute judicial immunity.

**Recommended Disposition**

Plaintiff's claims under 42 U.S.C. § 1983 fail because his allegations do not establish that certain named defendants and entities act under color of state law, because the right he seeks to vindicate is not secured by the federal Constitution or laws, or because the person or entity sued is clearly immune. Plaintiff's complaint, accepted as factually true for present purposes, fails to state a claim upon which relief can be granted under section 1983 against any named defendant. I therefore recommend that the complaint be dismissed in its entirety under 28 U.S.C. § 1915(e)(2).

Dated: February 11, 2014 /s/ Joseph G. Scoville
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).