UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN G. RANGEL,

       Plaintiff,                                Case No. 1:14-CV-61

v.                                         HON. ROBERT HOLMES BELL

SCOTT RIOS, et al.,

       Defendants.
_____/

## OPINION AND ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a purported civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court dismiss the action pursuant to 28 U.S.C. § 1915(e)(2). The matter is presently before the Court on Plaintiff's objections to the R&R. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. The Court overrules the objections and issues this Memorandum Opinion and Order.

Plaintiff enumerates 11 objections to the R&R. Each argument lacks merit, and will be discussed in turn. Plaintiff first objects "to the Magistrate's conclusion that this case arises out of a domestic relation case in the state courts." (Pl.'s Obj., Dkt. No. 7 ¶1.) "If the Magistrate was intending to intimate that Plaintiff owes some procedural duty to the state courts . . . it is not necessary for Plaintiffs to bring a case in state courts before seeking redress in federal courts." (*Id.*) Plaintiff seems to be objecting to the Magistrate Judge's statement that "Plaintiff's claims appear to

arise from domestic relations proceedings in the state courts." (R&R, Dkt. No. 6 at 1.) This statement is a summary of the procedural posture of the case and has no impact on the Magistrate Judge's substantive recommendations. Plaintiff's objection is therefore overruled.

Plaintiff next objects "to the Magistrate's conclusion that Plaintiff has not identified violations of any of his constitutional rights." (Pl.'s Obj., Dkt. No. 7 ¶ 2.) Plaintiff is presumably objecting to the Magistrate Judge's discussion of his claims against Defendant Rios. (R&R, Dkt. No. 6 at 6.) In support of his objection, Plaintiff points to paragraph 9 of his complaint, where he states, "[T]he MSP [Michigan State Police] also engaged in the conspiracy to deny [Plaintiff] his rights to *Privacy, Due Process, Parental Rights, Double Jeopardy and Equal Protection under the Law . . .*" (Compl., Dkt. No. 1 ¶ 9.) Plaintiff argues that this shows he "cited his violated constitutional rights throughout his complaint." (Pl.'s Obj., Dkt. No. 7 ¶ 2.) However, the liberal pleading standards of the Federal Rules of Civil Procedure require more than the bare assertion of legal conclusions, such as the lists of alleged violations Plaintiff has included throughout his complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's objection is therefore overruled.

Plaintiff next objects "to the Magistrate's conclusion that he has no arguable basis in either law or fact." (Pl.'s Obj., Dkt. No. 7 ¶ 3.) He asserts that the Magistrate Judge "arbitrarily cherry picked and reduced Plaintiff's complaint so as to justify his arbitrary conclusions." (*Id.*) Plaintiff also "objects to the Magistrate's conclusion that his complaint is either frivolous, inarguable irrational or wholly incredible." (*Id.* ¶ 4.) Finally, Plaintiff objects "to the Magistrate's conclusion that he has not stated specifics" about the alleged violations of his constitutional rights and how they were deprived under color of law. (*Id.* ¶ 5.) "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The

2

objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). These objections are so general as to fail to enable this Court to discern which issues are contentious, and are therefore overruled.

Plaintiff next objects to the Magistrate Judge's conclusion that Defendants Janell Rangel, Thomas Schmidt, and Denise Schmidt are private actors who cannot be liable under 42 U.S.C. § 1983. (Pl.'s Obj., Dkt. No. 7 ¶¶ 6, 7.) Plaintiff argues that he has alleged facts that demonstrate that a civil conspiracy existed between these Defendants and various state actors to deprive him of his constitutional rights, thus making the otherwise private conduct of these Defendants state action. (*Id.*) To establish a civil conspiracy, a plaintiff must allege the existence of a "single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the [plaintiff]." *Memphis, Tennessee Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004) (internal citations omitted).

A complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiff's allegations of a civil conspiracy between Defendant Janell Rangel and Michigan Child Protective Services, (Compl., Dkt. No. 1 ¶ 10), and between Defendants Thomas Schmidt and Denise Schmidt and Michigan Child Protective Services, (*id.* ¶ 15), are merely conclusory allegations of a conspiracy, and fail to state a claim for civil conspiracy to deprive Plaintiff of his constitutional rights. The Magistrate Judge correctly concluded, therefore, that these defendants are

3

private actors, and any wrong they committed is not actionable under 42 U.S.C. § 1983. (R&R, Dkt. No. 6 at 3–4.) Plaintiff's objections are therefore overruled.

Plaintiff next objects to the Magistrate Judge's conclusion that Defendant Schropp is "a private party" not amenable to suit under § 1983. (Pl.'s Obj., Dkt. No. 7 ¶ 8; R&R, Dkt. No. 6 at 5.) Plaintiff goes on to argue that Defendant Schropp has been negligent in his professional duties. and has "acted in concert with the [Department of Health Services] to deny Plaintiff of his constitutionally protected rights. . ." [sic]. (Pl.'s Obj., Dkt. No. 7 ¶ 8.) To the extent that Defendant Schropp has acted negligently toward Plaintiff, such does not impose § 1983 liability on him. Plaintiff's statement that Defendant Schropp "acted in concert with the DHS" is insufficient to state a claim of a civil conspiracy to deny Plaintiff's constitutional rights. *See Iqbal*, 556 U.S. at 678 ; *Am. Postal Workers Union, AFL-CIO*, 361 F.3d at 905. Plaintiff's objection is without merit, and is therefore overruled.

Plaintiff next objects "to the Magistrate's conclusion that the Michigan State Police, Michigan Department of Human Service and Newaygo County cannot be sued since they are not persons." (Pl.'s Obj., Dkt. No. 7 ¶ 9; R&R, Dkt. No. 6 at 6.) Plaintiff argues that he is suing not the agencies, but their directors, and in the alternative that he is suing the agencies for their customs that led to his alleged constitutional deprivations. (Pl.'s Obj., Dkt. No. 7 ¶ 9.) However, his complaint never references any actions taken by the directors of these agencies, but rather attempts to hold them liable under a *respondeat superior* theory of supervisory liability. The Magistrate Judge correctly determined that these entities may not be held liable under § 1983 based on the facts alleged by Plaintiff. This objection is therefore overruled.

Plaintiff also objects to "the Magistrate's conclusion that Defendant . . . Rios" is not liable

under § 1983 for (1) allegedly submitting fabricated evidence instead of Plaintiff's actual complaint to the Newaygo County prosecutor; and (2) allegedly requesting information about Plaintiff from the Lafayette, Indiana, Police Department. (*Id.* ¶ 10.) Regarding the first theory, the Magistrate Judge correctly determined that "Plaintiff's section 1983 claim against [Defendant] Rios is based on the erroneous supposition that [he] owed [P]laintiff a federal duty to investigate [P]laintiff's allegations concerning his wife and social workers, to provide truthful reports to the prosecutor, and to make sure that perjury prosecutions were brought." (R&R, Dkt. No. 6 at 7–8.)

Regarding the second theory, Plaintiff claims that Defendant Rios's alleged request for information violates his Fourth Amendment right to be free from unreasonable search and seizures. (Compl., Dkt. No. 1 ¶¶ 1, 4, 5; Pl.'s Obj., Dkt. No. 7 ¶ 10.) Plaintiff has offered no legal authority for the proposition that he has an expectation of privacy in information held by a third party. Plaintiff's objection is without merit, and is overruled.

Finally, Plaintiff objects to the Magistrate Judge's conclusion that Tippecanoe County, Indiana Superior Court Magistrate Crystal Sanders enjoys absolute judicial immunity from suit. (Pl.'s Obj., Dkt. No. 7 ¶ 11; R&R, Dkt. No. 6 at 8.) Plaintiff argues that a "Magistrate can be found liable if their [sic] rulings are arbitrary. (Pl.'s Obj., Dkt. No. 7 ¶ 11.) Plaintiff cites no authority—nor does any exist—supporting such a proposition. Plaintiff's objection is overruled.

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* Fed. R. Civ. P. 58. Because this action was filed in forma pauperis, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir.1997).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt. No. 7) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's R&R (Dkt. No. 6) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER CERTIFIED** that an appeal of this decision would not be taken in good faith.


Dated: February 25, 2014                /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE